UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE NORTHWEST INSULATION WORKERS WELFARE TRUST, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>K&M THERMAL TECHNOLOGIES, LLC, a Washington limited liability company, Contractor's License No. KMTHEMT805OB, UBI No. 604 502 957 and PHILADELPHIA INDEMNITY INSURANCE COMPANY, BOND NO. PB12538600090,<br><br>Defendants. | Case No. C22-362-RSM<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST K&M THERMAL TECHNOLOGIES, LLC |

This matter comes before the Court on Plaintiffs' Motion for Default Judgment Against Defendant K&M Thermal Technologies, LLC. Dkt. #11. Plaintiffs seek an award of $6,498.86 as well as attorneys' fees of $4,500.00 and $497.00 in costs. Having considered the applicable briefing and the remainder of the record, the Court GRANTS the motion and enters default judgment against Defendant K&M Thermal Technologies, LLC.

At the default judgment stage, the Court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–18

ORDER - 1

(9th Cir. 1987)*; see also Fair House. of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002). Where those facts establish a defendant's liability, the Court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must submit evidence supporting a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the Court must hold a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Plaintiffs are the Boards of Trustees of joint labor-management trust funds, specifically the Northwest Insulation Workers Welfare Trust, Western States Insulators and Allied Workers' Pension Plan, Western States Insulators and Allied Workers Individual Account Plan, Western States Insulators and Allied Workers Health Plan (hereafter the "Trusts"), created under Section 302(c) of the Labor Management Relations Act ("the Act"), 29 U.S.C. § 186(c) and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. as amended. *Id.* Defendant K&M Thermal Technologies, LLC ("K&M Thermal") is a signatory to collective bargaining agreements ("CBAs") with the Western Insulation Contractors Association, the Western State Conference of Insulation Workers, and the International Association of Heat & Frost Insulators and Asbestos Workers (collectively, the "CBAs"). *Id.* ¶¶ 11–12. The CBAs incorporate by reference the Trust Agreements for Trust Funds. *Id.* Together, The CBAs and Trust Agreements require K&M Thermal to make contributions to the Trusts on behalf of covered employees. *Id.* ¶ 13. Defendant Philadelphia Indemnity Insurance Company (the "Surety") issued fringe benefit Bond No. PB12538600090 in the sum of $30,000 to guarantee payment of

ORDER - 2

employee benefit contributions due to the Trusts from K&M Thermal. *Id.* ¶ 23. In accordance with the terms of the CBAs, in the event K&M Thermal is delinquent in paying the monthly contributions, the Trusts have exclusive authority to recover any such delinquency from the benefit bond posted by K&M Thermal. *Id.* On August 8, 2022, Plaintiffs voluntarily dismissed its claims against the Surety with prejudice. Dkt. #6.

The evidence shows that K&M Thermal is liable for failure to pay contributions owed to Plaintiffs for the months of December 2021 and January 2022. Dkt. #11 at 3 (citing Declaration of Joan Gitahi, Dkt. #13 ("Gitahi Decl.") ¶¶ 8-9, Declaration of Lisa Ng, Dkt. #12 ("Ng Decl.") ¶¶ 9-10). Specifically, the evidence demonstrates that K&M Thermal still owes a total of $6,498.86, comprised of contribution shortages in the amount of $1,740.24, liquidated damages in the amount of $2,959.73, $1,598.88 in interest, and $200 in referral attorney fees. Dkt. #11 at 4 citing (Gitahi Decl. ¶¶ 9-10, Ng Decl. ¶ 10, Declaration of Noelle Dwarzski, Dkt. #14 ("Dwarzski Decl.") ¶ 2).

In addition, Plaintiffs request attorney fees and costs. Dkt. #11 at 6–7. Plaintiffs are entitled to attorney fees and costs under ERISA § 502(g)(2)(D) which provides for the award of reasonable attorney fees and costs in any unpaid contributions action in which a judgment in favor of the plan is awarded. *See* 29 U.S.C.A. §§ 1132(g)(2)(D). Attorney fees and costs are also provided for under the terms of the Trust Agreements. Dkt. #11 at 7 n.10 (citing Gitahi Decl., ¶7, Ex. B; Ng Decl., ¶¶7-8, Ex. C-D.). Here, Plaintiffs are requesting attorney fees in the amount of $4,500.00 and costs of $497.00. *Id*. at 7 (citing Dwarzski Decl. ¶¶ 4-6). The Court finds that Plaintiffs' evidence supports an award of attorney fees and costs of $4,997.00.

Post-judgment interest shall accrue at twelve percent (12%) rate per annum from the date of entry of default judgment, until paid in accordance with the Trust Agreements.

ORDER - 3

For the foregoing reasons, Plaintiffs' Motion for Default Judgment Against K&M Thermal is GRANTED. The Clerk is directed to enter default judgment in accordance with this order.

DATED this 3rd day of February, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4